**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Bruce Schulman,<br><br>    Plaintiff,<br> v.<br><br>Credit Collection Services; and<br>DOES 1-10, inclusive,<br><br>    Defendants. | Civil Action No.: 1:13-cv-10281<br><br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Bruce Schulman, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Bruce Schulman ("Plaintiff"), is an adult individual residing in Duxbury, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant Credit Collection Services ("CCS"), is a Massachusetts business entity with an address of 2 Wells Avenue, Department 9133, Newton, Massachusetts 02459, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     Does 1-10 (the "Collectors") are individual collectors employed by CCS and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     CCS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.     The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.    The Debt was purchased, assigned or transferred to CCS for collection, or CCS was employed by the Creditor to collect the Debt.

11.    The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. CCS Engages in Harassment and Abusive Tactics

12.    On January 3, 2013, Defendants mailed Plaintiff a letter requesting payment of the Debt.

13.    The envelope in which the letter was mailed contains a window reflecting Plaintiff's name and address. In addition to Plaintiff's name and address the window contains a word "collection" typed in bold capital letters in violation of FDCPA.

### C. Plaintiff Suffered Actual Damages

14. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

15. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

16. A picture of the envelope is attached as Exhibit 1 to the Complaint.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

17. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

19. The Defendants' conduct violated 15 U.S.C. § 1692f(8) in that Defendants indicated, through language and symbols, on an envelope addressed to the Plaintiff that the communication concerned debt collection.

20. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

21. The Plaintiff is entitled to damages as a result of Defendants' violations.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 14, 2013

                                       Respectfully submitted,

                                       By   /s/ Sergei Lemberg

                                       Sergei Lemberg (BBO# 650671)
                                       LEMBERG & ASSOCIATES L.L.C.
                                       1100 Summer Street, 3rd Floor
                                       Stamford, CT 06905
                                       Telephone: (203) 653-2250
                                       Facsimile:  (203) 653-3424
                                       Attorneys for Plaintiff